JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE E. LLANOS,<br><br>     Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>     Defendants. | Case No. 2:25-cv-08454-FLA (KSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 16]** |

1

**RULING**

Before the court is Plaintiff Marianne E. Llanos's ("Plaintiff") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court. Dkt. 16 ("Mot."). On October 29, 2025, the court found this matter appropriate for resolution without oral argument and vacated the October 31, 2025 hearing on the Motion. Dkt. 23; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

**BACKGROUND**

Plaintiff initiated this action on February 7, 2025, in the Los Angeles County Superior Court, Case No. 25STCV03488, and filed her First Amended Complaint ("FAC") on April 1, 2025, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2312), the California Uniform Commercial Code, and the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to her purchase of a 2023 Cadillac XT4 (the "Vehicle") from Defendant. Dkt. 1-1 ("FAC")[1] ¶¶ 6–71.

Defendant answered Plaintiff's FAC on June 25, 2025. Dkt. 1-2 at 2–7; Dkt. 1 at 2. Defendant removed the action to this court on September 5, 2025, more than five months after service of the FAC, alleging it had "conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction." Dkt. 1 at 2.

Plaintiff filed the subject Motion on October 3, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-

---

[1] Citations to the FAC refer to pages 2 through 12 of Dkt. 1-1. The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

day window to remove an action to federal court, and that the Complaint was sufficient for Defendant to allege satisfaction of the amount in controversy upon removal. Mot. at 9–14. Defendant filed an opposition ("Opposition") on October 10, 2025. Dkt. 17 ("Opp'n").

## DISCUSSION

### I.    Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. If removability is not apparent from the initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II.    Analysis

Plaintiff argues remand is appropriate because Defendant failed to remove the action timely. Mot. at 9–14. The court agrees. Plaintiff filed her FAC in state court on April 1, 2025, and Defendant filed its Answer to the FAC on June 25, 2025. Dkt. 1 at 2. Defendant did not file its Notice of Removal until September 5, 2025—more than five months after service of the FAC and well outside Section 1446's thirty-day window for removal. *Compare* Dkt. 1, *with* Dkts. 1-1, 1-2. Defendant argues removal was timely because the FAC did not establish the $75,000 amount in controversy unequivocally and clearly. Opp'n at 21–23.

Although the FAC does not contain a clearly stated amount in controversy, *see generally*, FAC, Defendant provides no explanation for why it took  157 days (from April 1, 2025—when Plaintiff served the FAC, Dkt. 1 at 2—to September 5, 2025— when the action was removed, *id.*) to determine the value of the vehicle (for which a

4

VIN number is included in the FAC, FAC ¶ 6) or any potential penalties or attorney's fees and costs Defendant seeks to include in calculating the amount in controversy, *see generally*, Dkt. 1, Opp'n.[2]  Plaintiff makes precisely this argument in her Motion, and Defendant's Opposition is noticeably silent on any explanation for the delay in determining federal jurisdiction.  Mot. at 11–14; *see generally*, Opp'n.

Defendant also argues Plaintiff's citizenship could not be determined from the FAC, thereby extending the period of removability.  Opp'n at 20–21.  The FAC states Plaintiff "is, and at all times relevant herein was, a resident of Lancaster, California."  FAC ¶ 2.  Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing.  Opp'n at 20–21.  Defendant's Notice of Removal further states Defendant's "preliminary investigation also concluded that Plaintiff resided in California when she purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship."  Dkt. 1 at 3.  Defendant does not explain the nature of its "investigation" or why it could not have determined any earlier that Plaintiff was a citizen of California given that "Plaintiff resided in California when she purchased the subject vehicle[.]"  *Id.*

The evidence before the court creates clear "doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  Defendant had sufficient information to determine removability when Plaintiff served its FAC on April 1, 2025.  Dkt. 1 at 2.  Defendant missed the May 1, 2025 removal deadline by 127 days.  Accordingly, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

---

[2] Defendant argues the January 1, 2025 Song-Beverly Act amendments "expanded the formula for actual damages" to include "negative equity …, manufacturer's rebate[s] …,any third party sold optional equipment …, and unpaid financing."  Opp'n at 21.  Defendant, however, fails to identify how this new formula prevented its determination of removability within thirty days of service of the FAC.  *See generally*, Opp'n.

## **CONCLUSION**

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. The action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV03488.

2. All dates and deadlines in the action are VACATED.

3. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 12, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge